IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>                         )<br>v.                               )<br>                               )<br>HECTOR CHACON, )<br>    Defendant. ) | No. 21 CR 636<br>Honorable Sara L. Ellis |

### DEFENDANT'S MOTIONS IN LIMINE

NOW COMES the Defendant, HECTOR CHACON, by and through his attorneys, BLAIRE C. DALTON and QUINN A. MICHAELIS, and respectfully moves this Honorable Court to grant the following motion in *limine*. In support, Mr. Chacon states as following:

**A. Motion To Limit Certain Testimony By Government's Expert Witness**

The government disclosed that it may call ATF Expert Andrew Karceski to testify in its case in chief. In the description of that testimony, the government summarized that Agent Karceski would testify as an expert about "drug and firearm trafficking, to interpret code and shorthand words used in defendant's communications."

Preliminarily, Fed. R. Evid. 402. Requires that only relevant evidence be admitted. Evidence is relevant when (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

1

Further, the Court may exclude otherwise relevant evidence if its probative value is substantially less outweighed by a danger of unfair prejudice, confusing the issue, or misleading the jury. Fed. R. Evid. 403.

In this case, Mr. Chacon is charged with one count of willfully engaging in the business of dealing in firearms. Opinion testimony about drug trafficking is completely irrelevant to the charge against Mr. Chacon. Furthermore, such testimony is only intended to inflame the fears of the jurors by suggesting that Mr. Chacon is connected with a drug distribution organization, something not relevant to the charge of his engaging in the business of dealing in firearms. The potential that such testimony, which is disconnected from any of the facts of the case, would confuse or mislead the jury is so high as to outweigh any probative value it may have and must be excluded pursuant to Fed. R. Evid. 402 and 403.

### B. Motion in *Limine* to bar government's proposed exhibits

In the proposed exhibit list, filed on January 19, 2024, the government identified certain exhibits it intends to introduce at trial. Exhibit GX1000 Series is described as "photos of firearms accessories found in defendant's house." One of the photos of firearms accessories is a bulletproof vest/body armor that was found in Mr. Chacon's house. Other photographs show ammunition and magazines. Mr. Chacon is not charged with the illegal possession of firearms accessories or with the possession of a bulletproof vest/body armor. His possession of those items is completely legal, and even if the government proceeded on a theory that Mr. Chacon intended to sell his bullet proof vest, he is not restricted from doing so.

Showing these photographs to the jury has no probative value to the charged offense. The only value that admission of such evidence has to the government's case is the hope that if the jury is confronted by multiple pictures of firearms accessories and a bulletproof vest, that they will feel revulsion for the defendant as someone who possess multiple firearms and accessories, even though he can possess these items legally. These photographs offer nothing beyond painting Mr. Chacon as a dangerous person. Since the presentation of these photographs has no apparent probative value, that value is clearly outweighed by the significant prejudicial impact of firstly, an increased likelihood that the jury will become confused about the connection the bulletproof vest has to the charged offense, and secondly, the revulsion created by a bullet proof vest and accessories, which are not charged in the indictment. Therefore the admission of photographs of these firearms violates Fed. R. Evid. 403.

Additionally, Mr. Chacon request an opportunity to review those exhibits that are currently listed as "series" of messages and phone calls(which have been previously disclosed in the discovery provided) when they have been identified with specificity and file additional motions in *limine* relating to those exhibits prior to the start of trial.

WHEREFORE, defendant HECTOR CHACON respectfully requests this Court grant his motions in *limine* and exclude the above-mentioned evidence from use at trial.

Respectfully submitted,

s/Quinn A. Michaelis
_____
Quinn A. Michaelis
Attorney for HECTOR CHACON
Attorney ID No. IL 6293379
73 W. Monroe, Suite 106
Chicago, IL 60601
(312)714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025 I electronically filed the above

**DEFENDANT'S CONSOLIDATED MOTIONS IN LIMINE**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on March 7, 2025.

By His Attorney,
s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney For Hector Chacon
73 W. Monroe
Chicago, Illinois 60601
312-714-6920